I dissent from the judgment reversing the decision of the Board of Tax Appeals, for the reason that the interpretation of the provisions of Section 5526, General Code, in the majority opinion results in the creation by implication of an exemption from taxation which is directly opposed to specific provisions levying the tax.
Section 5526, General Code, defines "motor vehicles" as "all vehicles, engines, machines, or mechanical contrivances which are propelled by internal combustion engines or motors"; and defines "motor vehicle fuel" as any volatile liquid commonly or commercially used "for the propulsion of motor vehicles," exempting, however, "diesel fuel oil * * * except when * * * sold for use * * * for the purpose of generating power for the propulsion of motor vehicles upon the public highways."
That section also defines "public highways" as "lands and lots over which the public, either as user or owner generally has a right to pass, even though the same may have been closed temporarily by the authorities for the purpose of construction, reconstruction, maintenance or repair."
The statutory provisions are definite and clear, and the right of the taxpayer to the benefit of exemption from the tax must be affirmatively established.
In my opinion, the rule of construction applicable in this case is that stated in the case of Cleveland-Cliffs Iron Co. v.Glander, Tax Commr., 145 Ohio St. 423, 62 N.E.2d 94, as follows:
"The provision of any statute which purports to *Page 495 
except certain property from general provisions governing taxation is a measure of exemption, and laws relating to exemption of property from taxation being in derogation of equal rights are strictly construed."
The principle announced in the case of Slingluff v. Weaver,66 Ohio St. 621, 64 N.E. 574, and quoted in the majority opinion is likewise applicable to the situation for therein it is stated, "The question is not what did the General Assembly intend to enact, but what is the meaning of that which it did enact." There are reasons for the exemption sought but that argument should be addressed to the General Assembly.
It is my view, therefore, that the decision of the Board of Tax Appeals is not unreasonable or unlawful and should be affirmed.